## NEW YORK COMMON PLEAS.

### MICHAEL COONEY agt. HOWARD WHITFIELD.

It is not necessary that the facts stated in an affidavit for an *attachment* under the act of 1831, should be decisive of a design on the part of the debtor to assign or dispose of his property with the intent to defraud his creditors. It is sufficient if they *legally aim or tend* to sustain that averment.

*Held*, that the facts and circumstances stated in this case, taken together, furnished, while uncontroverted, sufficient evidence upon the point of the defendant's *fraudulent intent respecting the disposition of his property*, to uphold the attachment. (*This, perhaps, may be considered a pretty close case on the question of a fraudulent intent in the disposition of property to cheat creditors.*—REP.)

*General Term, March,* 1871.

*Before* ROBINSON, LOEW *and* J. F. DALY, *JJ.*

APPEAL from a judgment that the action be dismissed, rendered in the eighth district court.

This suit was brought to recover $192 25, being a balance due plaintiff for work done and money loaned by him to the defendant.

This action was commenced by attachment under the act of 1831, to abolish imprisonment for debt.

On the return day of the attachment the defendant's counsel moved to vacate the same on the ground that the affidavits upon which it was allowed were insufficient to authorize the issuing thereof.

The justice granted the motion, vacated the attachment and dismissed the action, with costs and extra costs.

The plaintiff appealed to this court.

DAVID MCADAM, *for plaintiff, appellant.*
H. D. LEPAUGH, *for defendant, respondent.*

LOEW, J.—I think the justice erred in vacating the attachment.

Cooney agt. Whitfield.

The affidavits upon which he allowed the same showed that the defendant was indebted to the plaintiff in a specified sum, over all payments and set offs, for money loaned and work done ; that the defendant, had a short time before purchased his stock of goods amounting to about $1,000, mainly on credit; that he was rapidly selling the same off at about cost ; that he had no other property ; that he borrowed money of several parties, whose names were given, and while refusing to repay it, he was endeavoring to borrow more ; that he was indebted to numerous persons who were named, and whom he refused to pay ; and that although he had money constantly coming in, he retained the same, and neglected and refused to pay his men, but kept putting them off from time to time, under various pretexts.

It further appeared, that when the plaintiff requested the defendant to pay him, the latter held up a handful of bills and told the former not to ask him for money, as he did not owe him one cent, and at another time he said that he would never pay him, and speaking about failing, he remarked, that he would not fail for a few hundred dollars; but when he did so, he would fail heavy, as he intended to make something.

It seems to me that all these facts and circumstances taken together, furnished while uncontroverted, sufficient evidence upon the point of the defendant's fraudulent intent, respecting the disposition of his property, to uphold the attachment.

It is not necessary that the facts stated in the affidavit should be decisive of a design on the part of the debtor to assign or dispose of his property with the intent to defraud his creditors.

It is sufficient if they legally aim or tend to sustain that averment. (*Talcott* agt. *Rosenberg*, 8 *Abb.*, *N. S.*, 287, *and cases there cited.*)

The judgment of the court below should be reversed.

ROBINSON and J. F. DALY, JJ., concurred.